UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                                    :

**CARLOS WARD**,

                                      Petitioner,        :   **MEMORANDUM DECISION &**
                                                             :   **ORDER**

                – against –

                                                               :   15-cv-2579 (AMD)

**THOMAS GRIFFIN**, Superintendent,
Green Haven Correctional Facility

                                      Respondent.

--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      Before the Court is the *pro se* petitioner's motion to vacate the order denying his petition for habeas corpus. (ECF No. 16.) On April 30, 2015, the petitioner filed a habeas petition under 28 U.S.C. § 2254 challenging his state convictions for murder in the second degree and criminal possession of a weapon in the second degree, for which he was sentenced to an aggregate indeterminate prison sentence of from twenty years to life. (ECF No. 1.) On September 28, 2018, I denied the petition in its entirety and declined to issue a certificate of appealability. (ECF No. 11.) The petitioner moved for a certificate of appealability in the Second Circuit, which was denied on August 30, 2019. (ECF No. 15.) The petitioner now moves to vacate the order and judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 16.) The respondent opposes. (ECF No. 17.) For the reasons that follow, the motion is denied.

## BACKGROUND

      I assume the parties' familiarity with the facts and incorporate them from my prior order. (ECF No. 11.) On June 30, 2008, following a jury trial in New York Supreme Court before Judge Gustin Reichbach, the petitioner was convicted of murder in the second degree and

criminal possession of a weapon in the second degree. (Tr. at 966.) Judge Reichbach sentenced the petitioner as a second violent felony offender to concurrent sentences of twenty years to life on the murder charge and a determinate sentence of five years for the weapon count; the sentences were to run consecutive to the twenty-year sentence that the defendant was serving on a separate case in Nassau County. (S. 27.)[1]

Following an unsuccessful direct appeal and collateral motion in state court, the petitioner filed a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (ECF No. 1.) As relevant here, the petitioner claimed that his trial counsel was ineffective because he did not register objections to a detective's testimony, to the trial court's identification charge or to the prosecutor's comments on summation. (*Id.* at 3-4.) On September 28, 2018, I denied the petition on the merits. (ECF No. 11.)

In his Rule 60(b) motion, the petitioner adds new claims about his trial lawyer's performance—that counsel did not conduct a sufficient investigation, and did not object to the prosecutor's allegedly knowing use of perjured testimony at trial or the concealment of exculpatory evidence. (*Id.* ¶¶ 7-9.) The petitioner has never presented these claims to the state courts.

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure permits district courts to relieve parties from judgments and orders under specific circumstances. Fed. R. Civ. P. 60(b). Although Rule 60(b) applies to habeas proceedings, a petitioner cannot use it "to avoid the restriction on second or successive habeas corpus petitions," and district courts have "the obligation to characterize the request for relief properly, regardless of the label that the petitioner

---

[1] Judge Reichbach also imposed five years of post-release supervision for the criminal possession weapon conviction. (S. 29.)

applies." *Dent v. United States*, No. 09-CV-1938, 2013 WL 2302044, at *2 (E.D.N.Y. May 24, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005)).

"A Rule 60(b) motion has a 'different objective[]' than a habeas petition." *Carbone v. Cunningham*, 857 F. Supp. 2d 486, 488 (S.D.N.Y. 2012) (quoting *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001)). Specifically, habeas "petitions seek to invalidate an underlying criminal conviction, whereas Rule 60(b) motions only seek to vacate a judgment, such as a judgment dismissing a habeas petition." *Ackridge v. Barkley*, No. 06-CV-3891, 2008 WL 4555251, at *5 (S.D.N.Y. Oct. 7, 2008) (citation omitted). "A motion that 'seeks to add a new ground for relief' or that 'attacks the federal court's previous resolution of a claim on the merits' can only be raised in a successive habeas petition, as compared to a motion identifying 'some defect in the integrity of the federal habeas proceedings,' which may be considered on a Rule 60(b) motion." *United States v. Spigelman*, No. 05-CR-960, 2017 WL 2275022, at *3 (S.D.N.Y. May 24, 2017) (quoting *Gonzalez*, 545 U.S. at 532) (emphasis omitted). "A Rule 60(b) motion attacks the integrity of a habeas proceeding if it does not 'assert, or reassert, claims of error in the movant's state conviction.'" *Hamilton v. Lee*, 188 F. Supp. 3d 221, 239 (E.D.N.Y. 2016) (quoting *Gonzalez*, 545 U.S. at 531). Examples of proper Rule 60(b) motions include arguments that a district court erroneously avoided deciding the merits of a claim for reasons such as "failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4.

"Under the Antiterrorism and Effective Death Penalty Act ('AEDPA'), successive federal *habeas* petitions requesting relief from a conviction in state court must satisfy strict requirements before a district court can adjudicate them on the merits." *Hamilton*, 188 F. Supp. 3d at 239 (citing 28 U.S.C. § 2244(b)). Specifically, before a district court may even entertain a successive

3

habeas petition, the Second Circuit must certify that the petition (1) does not raise a "claim that has already been adjudicated in a previous petition" and (2) that it "relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez*, 545 U.S. at 529-30 (citing 28 U.S.C. §§ 2244(b)(1)-(2)). "Absent authorization from the Second Circuit," district courts "lack[] jurisdiction to consider a successive habeas petition." *Sterling v. Kuhlman*, No. 97-CV-2825, 2006 WL 177404, at *2 (S.D.N.Y. Jan. 25, 2006) (citing *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003)).

The petitioner characterizes his application as a Rule 60(b)(6) challenge to the Court's habeas decision. (*See* ECF No. 16 ¶ 4.) Nevertheless, it is plain that the petitioner is attacking his state conviction, and not the integrity of the habeas proceeding. Indeed, the essence of the petitioner's application is that his trial counsel was ineffective for failing to investigate the case and because he did not object to what the petitioner alleges was the prosecutor's knowing use of perjured testimony and concealment of exculpatory evidence. (*Id.* ¶¶ 7-9.) While the petitioner asserted an ineffective assistance of counsel claim in his habeas petition, it was premised on entirely different grounds: that his trial lawyer did not object to testimony, to the trial court's identification charge or to the prosecutor's comments in summation. (ECF No. 1 at 3-4.) A petitioner's failure to raise grounds for relief in a habeas proceeding does not call into doubt the proceeding's integrity. *See, e.g.*, *United States v. Al-Khabbaz*, No. 04-CR-1379, 2017 WL 7693368, at *2 (S.D.N.Y. Dec. 18, 2017) ("Defendant raised four different reasons why his attorneys were ineffective [in his initial petition]. Thus, Defendant is not challenging the integrity of his first habeas proceeding because his present ground for relief—counsel's supposed failure to advise him of the risks of deportation—was never raised in that first proceeding."); *James v. United States*, 603 F. Supp. 2d 472, 482 (E.D.N.Y. 2009) ("[A]llegations of ineffective

4

assistance of . . . counsel attack the underlying conviction rather than the integrity of the habeas proceedings.") (citation omitted); *Barnes v. Burge*, No. 03-CV-1475, 2009 WL 612323, at *2 (E.D.N.Y. Mar. 9, 2009) (converting Rule 60(b) motion into successive habeas petition where petitioner previously claimed ineffective assistance of counsel on one ground but later filed a Rule 60(b) motion alleging two other grounds); *Abu Mezer v. United States*, No. 01-CV-2525, 2005 WL 1861173, at *2 (E.D.N.Y. July 27, 2005) (Rule 60(b) motion improper because "it seeks to attack the underlying criminal conviction (based on . . . ineffective . . . counsel) rather than the integrity of the original habeas proceeding"). Thus, the petitioner's motion is a successive habeas petition and must be denied as outside the scope of Rule 60(b).

When presented with a successive habeas petition styled as a Rule 60(b) motion, the district court has "two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004) (citation omitted). In order to provide the petitioner with notice and to conserve judicial resources, I deny the motion as beyond the scope of Rule 60(b). *See Davis v. New York*, No. 07-CV-9265, 2017 WL 5157458, at *3 (S.D.N.Y. Nov. 6, 2017) ("The Second Circuit suggests that a district court should give a prisoner notice before transferring a Rule 60(b) motion to the Court of Appeals as a second or successive habeas petition in order that the prisoner be given an opportunity to withdraw or restyle the motion. Accordingly, in order to give [the petitioner] notice and conserve judicial resources, this Court denies [the petitioner's] motion as beyond the scope of Rule 60(b).") (citations omitted).

5

## CONCLUSION

The petitioner's Rule 60(b) motion is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this opinion would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

**SO ORDERED.**

                                                                         s/Ann M. Donnelly

                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated: June 22, 2020
       Brooklyn, New York